| | |
|---|---|
| 1 | Edward M. Higginbotham (SBN 231636) |
|   | Paul L. Alaga (SBN 221165) |
| 2 | Ian B. Kelley (SBN215393) |
|   | 885 Bryant Street, 2nd Floor |
| 3 | San Francisco, CA 94103 |
|   | Telephone:  (415) 581-0885 |
| 4 | Facsimile:  (415) 581-0887 |
| 5 | Susan E. Coleman |
|   | BURKE, WILLIAMS & SORENSEN, LLP |
| 6 | 444 'S. Flower St., Suite 2400 |
|   | Los Angeles, CA  90071-2953 |
| 7 | Telephone:  (213) 236-0600 |
|   | Facsimile:  (213) 236-2700 |
| 8 | |
|   | BENJAMIN B. WAGNER |
| 9 | United States Attorney |
|   | ALYSON A. BERG |
| 10 | Assistant United States Attorney |
|    | 2500 Tulare Street, Suite 4401 |
| 11 | Fresno, California  93721 |
|    | Telephone:  (559) 497-4000 |
| 12 | Facsimile:  (559) 497-4099 |
| 13 | |
| 14 | Attorneys for All Parties |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SAMUEL MERCARDO; DONALD GAYLE; JESUS RAMOS; JESUS ANDRADE; GILBERTO GONZALEZ BETANCOURT; WANNA WIN; MUSA GOWON; JOSE PORTILLO MAYORGA; VICTOR MARTINEZ; JORGE RIVERA-VALLEJO; EDGAR PRADO CASTANEDA; GONZALO CISNEROS REYES; LUCIO PALOMARES; and HECTOR BAZAN, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:13−CV−01535 AWI−BAM  **JOINT STIPULATION TO STAY ACTION PENDING APPEAL OF RELATED ACTION; [PROPOSED] ORDER; and ORDER ON MOTIONS TO DISMISS**  (DOC. NOS. 23, 24, 35) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, MANAGEMENT & TRAINING CORPORATION (MTC); MICHAEL BENOV and JOHN DOES 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiffs Samuel Mercado, Donald Gayle, Jesus Ramos, Jesus Andrade, Gilberto Gonzalez Betancourt, Wanna Win, Musa Gowon, Jose Portillo Mayorga, Victor Martinez, Jorge Rivera-Vallejo, Edgar Prado Castaneda, Gonzalo Cisneros Reyes, Lucio Palmoares, and Hector Bazan, Defendants Management & Training Corporation, M. Benov, ('the MTC Defendants") and Federal Bureau of Prison and the United States (collectively the "Federal Defendants"), by and through their respective attorneys of record, as follows:

This case involves fourteen current and former Federal Bureau of Prisons (BOP) inmates suing the United States; its contractor, Management & Training Corporation; and the warden of the Taft Correctional Institution (Taft CI), Michael Benov, for a miscellany of claims arising from the alleged failure to prevent the Plaintiffs from contracting Coccidioidomycosis (commonly referred to as Valley Fever or Cocci) while incarcerated at Taft CI. A dispositive issue in this case is whether plaintiffs' causes of action are barred by the independent contractor exception to the Federal Tort Claims Act because MTC controlled the "day to day" operations at Taft CI.

Plaintiffs' claims are related to the clams in the matter of *Edison v United States*, 1:12-CV-2026 AWI-JLT, which matter is currently on appeal as Ninth Circuit Case No. 14-15472. The issue on appeal in *Edison,* includes the "the exact legal confines of the independent contractor exception, and how it is to be applied to the United States Government,"…and a "more clarified and comprehensible understanding as to what claims may be asserted against the United States, in this context, would assist this and other district courts."   (ECF No. 76 in 1:12-CV-2026, 9:1-12). The appeal is pending and the opening brief is due on June 20, 2014, so a stay will not cause substantial delay in this action. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

The undersigned parties herby stipulate the Court stay this action pending the appeal of *Edison v United States*, Ninth Circuit Case No. 14-15472, and that there is good cause for the reasons set forth above. The parties further stipulate that they reserve their rights to supplement the briefing on the motions to dismiss with any ruling by the Ninth Circuit. The undersigned parties respectfully request the Court issue the [proposed] order set forth below as agreed to and stipulated by the parties.

| | |
|---|---|
| Dated  April 1, 2014 | Respectfully submitted,<br><br>(As authorized 04/01/14)<br>/s/Edward M. Higginbotham<br>Ian B. Kelley<br>Edward M. Higginbotham<br>Attorneys for Plaintiffs SAMUEL MERCADO, DONALD GAYLE, JESUS RAMOS, JESUS ANDRADE, GILBERTO GONZALEZ BETANCOURT, WANA WIN, MUSA GOWON, JOSE PORTILLO MAYORGA, VICTOR MARTINEZ, JORGE RIVERA-VALLEJO, EDGAR PRADO CASTANEDA, GONZALO CISNEROS REYES, LUCIO PALMOARES, and HECTOR BAZAN |
| Dated  April 1, 2014 | Respectfully submitted,<br><br>(As authorized 04/01/14)<br>/s/Susan Coleman<br>Susan Coleman<br>Attorney for Defendants MANAGEMENT and TRAINING CORPORATION and M. BENOV |
| Dated:  April 1, 2014 | Respectfully submitted,<br><br>BENJAMIN B. WAGNER<br>UNITED STATES ATTORNEY<br><br>/s/Alyson A. Berg<br>Alyson A. Berg<br>Assistant United States Attorney<br>Attorney for Defendant UNITED STATES OF AMERICA |

## **ORDER**

Having reviewed the stipulation submitted by the parties, and for good cause, IT IS HEREBY ORDERED that:

1. The parties' request for stay is GRANTED and this case is STAYED pending resolution of the appeal in in *Edison v United States*, Ninth Circuit Case No. 14-15472;

2. For administrative purposes only, Defendants Benov and Management & Training Corp.'s motion to dismiss (Doc. No. 23) is DENIED without prejudice to refiling once the *Edison*

appeal is resolved;

3. For administrative purposes only, Defendant Federal Bureau of Prison's motion to dismiss (Doc. No. 24) is DENIED without prejudice to refiling once the *Edison* appeal is resolved.[1]

IT IS SO ORDERED.

Dated:   April 3, 2014

_____
SENIOR  DISTRICT  JUDGE

---

[1] Because it is unknown when the *Edison* matter will be resolved, the Court cannot have Defendants' respective motions to dismiss pending on its docket.  The denial of the motions to dismiss is administrative in nature and is not a reflection on the merits of the motions.  As the order states, once the *Edison* case is resolved on appeal, Defendants may refile the motions to dismiss at that time.  Defendants may include in their motions any new arguments that may arise as a result of the Ninth Circuit's *Edison* decision.